BREWER *v.* ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY.

Opinion delivered November 3, 1930.

*Bruce Ivy, James G. Coston* and *J. T. Coston,* for appellants.

*E. T. Miller, E. L. Westbrooke, Jr.* and *E. L. Westbrooke,* for appellee.

HUMPHREYS, J. Three separate suits were brought against appellee in the circuit court of Mississippi County, Osceola District, for damages growing out of the death of Mrs. Katie Lomax Brewer, wife of H. D. Brewer and mother of George and H. D. Brewer, Jr., in a collision between appellee's train and an automobile driven by Mrs. Brewer at a public crossing near Wilson, Arkansas, through the alleged negligence of appellee's employees in operating said train.

One suit was brought by H. D. Brewer as administrator of the estate of H. D. Brewer, Jr., for pain and suffering; one by him as next friend of George Brewer for

the loss of the care, custody and training of his mother; and one by himself for the loss and companionship of his wife.

Appellee filed an answer in each case denying negligence on its part, and alleging that the deaths were the result of the sole negligence of Mrs. Brewer in driving the automobile onto said public crossing.

The causes were consolidated for the purposes of trial and submitted upon the pleadings, the testimony adduced by the respective parties and the instructions of the court, resulting in a verdict and judgment in favor of appellant for $3,000 as next friend for his son, George Brewer, from which no appeal was taken; and adverse verdicts and consequent judgments dismissing his complaint for the loss of his wife and for the pain and suffering of his son, H. D. Brewer, Jr., from which adverse verdicts and judgments he has duly appealed to this court.

The testimony introduced by appellant tended to show that the train approached the crossing at a speed of thirty-five miles an hour without giving the statutory warnings, struck and demolished the automobile in which his wife and children were riding, killing her instantly and fatally injuring his son, H. D. Brewer, Jr., who was only nine years of age and who suffered pain and anguish for about seven hours after the injury and before his death.

The testimony introduced by appellee tended to show that the statutory signals were given as its train approached the crossing, and that Mrs. Brewer drove the automobile upon the crossing without heeding the warning, and so suddenly that it was impossible to stop the train before it struck the automobile.

Appellant contends for a reversal of the judgment dismissing his complaint as administrator of his son, H. D. Brewer, Jr., because the court amended instruction number six requested by him so as to prevent a recovery if H. D. Brewer, Jr., was guilty of contributory

negligence. The amendment or modification of the instruction was erroneous because contributory negligence on his part was not pleaded as a defense, and because same was entirely abstract. He was riding in the back seat, was only nine years of age and did nothing whatever to contribute to his injury. As amended the instruction was inherently erroneous, and was in conflict with other instructions which had been given by the court.

Appellant also contends for a reversal of the judgment dismissing his complaint for the loss of his companion in life because the trial court refused to instruct the jury, after the argument began, that they could not consider the fact that Mr. Brewer had married again in passing on the question of the liability of defendant (appellee) or measure of damages. The only reference to such an instruction being requested and refused is in the bill of exceptions, and it does not appear that an exception was saved to the action of the court in refusing to give the instruction. In view of the fact that no exception was saved to the refusal of the court to give the requested instruction, this court cannot decide whether the trial court abused its discretion in refusing to give same.

The judgment dismissing appellant's complaint as administrator of the estate of H. D. Brewer, Jr., is therefore reversed and remanded for a new trial, and the judgment dismissing his complaint for the loss of his wife is affirmed.